# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**E-Z LOAD GATE, INC.,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:07-cv-1962-Orl-19DAB**

**AMERICAN MOTO PRODUCTS, INC.,**
**89908, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED MOTION TO ENFORCE JUDGMENT (Doc. No. 46)**
>
> **FILED:**      **August 20, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED for lack of jurisdiction**.

Plaintiff seeks an Order "compelling Defendant . . . to comply with the Settlement Agreement supporting the amended Final Judgment," noting that the Court expressly retained jurisdiction to enforce its judgment. Although the motion seeks to enforce the terms of the Consent Judgment, Plaintiff does not identify any terms of the judgment that have been violated, but points instead to terms of the Settlement Agreement. While the Court did, indeed, retain jurisdiction "over this Amended Final Consent Judgment and permanent Injunction for the purpose of ensuring compliance

with the terms thereof" (Doc. No. 44), the Amended Final Consent Judgment did not incorporate the terms of the Settlement Agreement, by reference, attachment or otherwise.

In *Kokkonen v. Guardian Life Ins. Co. of America*, the Supreme Court stated:

> Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal ... Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (holding that a District Court does not have inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction). The facts here fall squarely within that holding.

The record reflects that the Court signed the stipulated Consent Judgment prepared by the parties and tendered to the Court. The motion for entry of the Consent Judgment did not attach or incorporate the terms of the Settlement Agreement (Doc. No. 41), nor did the parties ask the Court to do so when they subsequently sought to amend the Consent Judgment, to add eight pages of photographs *attached to the Settlement Agreement*, but not the Agreement itself (Doc. No. 43). As the Settlement Agreement is not incorporated into the Consent Judgment, the Court did not retain jurisdiction to enforce it, as part of its Judgment. In such a case, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. *Kokkonen,* 511 U.S. at 381-82. Here, no independent basis is asserted. It is therefore **respectfully recommended** that the motion be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 1, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy