**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**E-Z LOAD GATE, INC.,**
a Florida corporation,

    **Plaintiff,**

      v.                        CASE NO.:   6:07-CV-1962-ORL-19DAB

**AMERICAN MOTO**
**PRODUCTS, INC.,** a California
corporation, and **89908, INC.,** a
California corporation,

    **Defendants.**

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RELIEF FROM JUDGMENT**

Defendants American Moto Products, Inc. and 89908, Inc. ("AMP Research") hereby submit their opposition to Plaintiff E-Z Load Gate, Inc.'s ("E-Z Load") Motion for Relief from Judgment as follows.

## I.　　INTRODUCTION

Although this Court has discretion to amend the parties' Final Consent Judgment to incorporate the parties' Settlement Agreement, such an amendment would be futile and would cause a useless duplication of judicial efforts.  AMP Research would not oppose such an amendment if E-Z Load were simply seeking to enforce the terms of the Agreement.  However, E-Z Load's ultimate goal in bringing this Motion is improperly to ask this Court to intervene in a litigation between the parties in the District of Nevada that has been pending since November of 2008, *89908, Inc. d/b/a AMP Research v. E-Z Load Gate, Inc.*, Case No. 2:08-cv-01515-LDG-PAL (the "Nevada action").  The Nevada action involves a different E-Z Load product that is not covered by the Consent Judgment or Settlement Agreement in this case.  Thus, E-Z Load has no legitimate basis for attempting to involve this Court in the Nevada action.

E-Z Load previously brought a motion to enforce the Consent Judgment asking this Court to find AMP Research in contempt for filing the Nevada action.  (Dkt. # 45.) This Court denied that motion for lack of jurisdiction.  Accordingly, E-Z Load now brings this Motion to amend the Consent Judgment so that this Court can retain jurisdiction to enforce the Settlement Agreement.  Amending the Consent Judgment, however, is futile because the accused product in the Nevada action is not covered by the Settlement Agreement, and AMP Research has not breached the Agreement.  The Nevada

1

action is the appropriate forum for E-Z Load to raise the issue of whether the Settlement Agreement covers the product accused of infringement in that action. Amending the judgment would embolden E-Z Load to revive its meritless motion seeking to have this Court intervene in the Nevada action, which would cause a useless duplication of proceedings and waste of judicial resources. Accordingly, the Court should deny this Motion.

## II. THE COVENANT NOT TO SUE IS LIMITED TO A SPECIFIC PRODUCT NOT AT ISSUE IN THE NEVADA ACTION

E-Z Load brought this litigation seeking a declaratory judgment of non-infringement of one of AMP Research's patents. AMP Research counterclaimed for infringement of five of its patents relating to its truck bed extender designs, including three utility patents, U.S. Patent Nos. 6,402,215 ("the '215 patent", 6,805,392 ("the '392 patent") and 7,063,366 ("the '366 patent"), and two design patents, U.S. Patent Nos. D417,859 ("the '859 patent") and D418,106 ("the '106 patent") (collectively, "AMP's patents"). The asserted patents relate to designs for a truck cargo tailgate enclosure device as shown in the drawing below from the specification of the '366 patent:



FIG. 1 — Cargo Tailgate Enclosure

The cargo tailgate enclosure described in the patents is installed in a truck bed to expand its capacity by enclosing extra space created by lowering the tailgate. *See* '366 patent col. 1, ll. 25-52.[1] The cargo tailgate enclosure can be moved to multiple positions for different uses. *Id.* col. 9, ll. 60-7.

On August 6, 2008, the parties ended this litigation by entering into a Settlement Agreement and, shortly thereafter, stipulating to a Final Consent Judgment and Permanent Injunction in which AMP Research prevailed on its claims of infringement. (Katzenellenbogen Decl. Ex. 1 (Settlement Agreement).) The Consent Judgment states that E-Z Load's products sold under the trademarks E-Z LOAD GATE, E-Z LOAD REVERSIBLE BED EXTENDER, CARGO GATE AND BED EXTENDER, and model numbers EZ 7875 EZ 8545, infringe AMP's patents, and it bars E-Z Load from manufacturing and selling these products (with the exception of its remaining inventory up to 300 units). (Dkt. # 44.) The separate Settlement Agreement specifies that "E-Z Load will redesign its bed extender product as depicted in the drawing attached hereto as

---

[1] The '366 patent is attached as Exhibit 4 to the Declaration of Lauren Keller Katzenellenbogen filed herewith.

Exhibit B, so that it will not be reversible, the side walls and the connecting wall will consist of straight tubes which are connected at the corners by a single, vertical piece with a tight corner curve, and the extender is attached to the vehicle by the tailgate and not the side panels of the vehicle." (Katzenellenbogen Decl. Ex. 1 (Settlement Agreement) ¶ 4.) Exhibit B is shown below:



AMP Research's covenant not to sue for infringement of AMP's patents is limited to this product described in the Settlement Agreement and shown in Exhibit B.

This covenant not to sue is the subject of E-Z Load's previous motion asking this Court to enforce the Settlement Agreement. (Dkt. #45.) In that motion, E-Z Load asked this Court to intervene in the Nevada action and to hold AMP Research in contempt for allegedly breaching the Settlement Agreement. As that motion was denied for lack of jurisdiction, E-Z Load brought this Motion to amend the Consent Judgment to incorporate the Settlement Agreement and the covenant not to sue. However, the product at issue in the Nevada action is not the redesigned product described in the Settlement Agreement and covered by the covenant not to sue.

The product at issue in the Nevada action is a product that E-Z Load displayed at the 2008 Specialty Equipment Manufacturer's Association ("SEMA") show in Las Vegas, NV in November 2008. (Katzenellenbogen Decl. ¶ 3.) As shown in the photograph below, the new E-Z Load bed extender product shown at SEMA has number of important differences from the product described in the Settlement Agreement and shown in Exhibit B.



(Katzenellenbogen Decl. ¶ 3; Schlatter Decl. Nev. action ¶ 2.)[2] E-Z Load's new product has rounded corners, rather than the squared off corners specified in the Settlement Agreement. Additionally, it is connected in the corners by three horizontal rounded pieces rather than a single vertical piece as specified in the Settlement Agreement.

---

[2] The Declaration of Edward A. Schlatter submitted in the Nevada action in support of AMP Research's Opposition to E-Z Load's Motion to Dismiss is attached as Exhibit 5 to the declaration of Lauren Keller Katzenellenbogen filed herewith.

Accordingly, the covenant not to sue does not cover this product. No other E-Z Load product is at issue in the Nevada action. (Katzenellenbogen Decl. ¶ 3.)

Thus, amending the Consent Judgment to give this Court jurisdiction to enforce the Settlement Agreement is futile because the accused product in the Nevada action simply is not the subject of the Settlement Agreement and the covenant not to sue. AMP Research has not breached the covenant not to sue by filing the Nevada action.

### III. BY ASKING THIS COURT TO INTERVENE IN THE NEVADA ACTION, E-Z LOAD WILL MULTIPLY THE PROCEEDINGS AND WASTE JUDICIAL RESOURCES

To the extent that E-Z Load believes the product at issue in the Nevada action is covered by the covenant not to sue, E-Z Load can assert, and in fact already has asserted, the Settlement Agreement as a defense in the Nevada action. In November 2008, E-Z Load brought a motion to dismiss or alternatively to transfer in the Nevada action. In that motion, E-Z Load asserted, amongst other things, that the Middle District of Florida is a more appropriate forum because it retains jurisdiction to enforce the Consent Judgment. (Katzenellenbogen Decl. Ex. 2 (E-Z Load Reply in Support of Mot. to Dismiss) at 8-9.) The District of Nevada rejected that argument and denied E-Z Load's motion. (*Id.* Ex. 3 (Order).)

In seeking to have this Court to separately determine whether the product in the Nevada action is covered by the Settlement Agreement, E-Z Load is requesting that two district courts evaluate and decide the same issue – whether the accused product is the product described in the covenant not to sue. That is a waste of resources. The Nevada action has been pending nearly a year, since November 4, 2008. (Katzenellenbogen

6

Decl. ¶ 2.) The parties have engaged in discovery, and the District of Nevada has considered motions and set a schedule through submission of a joint pretrial order in February 2010. Thus, Nevada is the proper forum for E-Z Load to bring its argument regarding enforcement of the covenant not to sue. Accordingly, this Court should deny E-Z Load's motion to amend the Consent Judgment to avoid a wasteful duplication of the proceedings in Nevada.

## IV. CONCLUSION

The E-Z Load product accused of infringement in the Nevada action is different from the product that is the subject of the covenant not to sue in the parties' Settlement Agreement. Thus, this Motion to amend the Consent Judgment is futile because, even if this Court retains jurisdiction to enforce the parties' Settlement Agreement, AMP Research has not breached that agreement. Moreover, the District of Nevada is the appropriate forum to determine whether the covenant not to sue covers the accused product in that action, and E-Z Load's purpose in seeking to amend the Consent Judgment, to have this Court intervene in the Nevada action, will only cause a duplication of efforts and a tremendous waste of judicial resources.

Respectfully submitted this 15th day of September, 2009.

> s/Lauren Keller Katzenellenbogen
> CRAIG S. SUMMERS, ESQ.
> California Bar No.: 108688
> csummers@kmob.com
> MICHAEL FRIEDLAND, ESQ.
> California Bar No.: 157217
> mfriedland@kmob.com
> LAUREN KELLER
> KATZENELLENBOGEN, ESQ.
> California Bar No.: 223370

7

lkeller@kmob.com
Knobbe Martens Olson & Bear LLP
2040 Main Street, 14th Floor
Irvine, California 92614-3641
(949) 760-0404 Telephone
(949) 760-9502 Facsimile

Lead Trial Counsel for Defendants,
American Moto Products, Inc. and 89908,
Inc.

-and-

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rmitchell@gray-robinson.com
MICHAEL D. PORTER, ESQ.
Florida Bar No.: 0031149
mporter@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

Local Counsel for Defendants, American
Moto Products, Inc. and 89908, Inc.

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

s/Lauren Keller Katzenellenbogen  
Lauren Keller Katzenellenbogen

7806633_1
091509