# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**E-Z LOAD GATE, INC.,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:07-cv-1962-Orl-19DAB**

**AMERICAN MOTO PRODUCTS, INC.,**
**89908, INC.,**

        **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1. Amended Motion to Enforce Judgment by Plaintiff E-Z Load Gate, Inc. (Doc. No. 46, filed Aug. 20, 2009);

2. Report and Recommendation of the United States Magistrate Judge Denying Motion of Plaintiff E-Z Load Gate, Inc. for Lack of Jurisdiction (Doc. No. 47, filed Sept. 1, 2009);

3. Motion for Relief from Judgment by Plaintiff E-Z Load Gate, Inc. (Doc. No. 48, filed Sept. 2, 2009);

4. Memorandum in Opposition to Plaintiff's Motion for Relief from Judgment by Defendant American Moto Products, Inc. (Doc. No. 49, filed Sept. 15, 2009); and

5. Objection to Report and Recommendation by Plaintiff E-Z Load Gate, Inc. (Doc. No. 51, filed Sept. 16, 2009).

**Background**

Plaintiff E-Z Load Gate, Inc. ("E-Z Load") brought a declaratory judgment action in this Court against Defendant American Moto Products, Inc. ("AMP") seeking to invalidate claims of Defendant's U.S. Patent No. 7,063,366. (Doc. No. 1, filed Dec. 12, 2007.) Defendant counterclaimed, seeking damages and equitable relief arising out of Plaintiff's alleged infringement of five separate patents owned by the Defendant. (Doc. No. 28 ¶ 15, filed May 15, 2009.) Following a successful mediation conference, the case was dismissed and a Final Consent Judgment and Permanent Injunction was entered on September 11, 2008. (Doc. No. 39, filed Aug. 7, 2008; Doc. No. 42, filed Sept. 11, 2008.) The Consent Judgment provides in pertinent part: (1) that the patents at issue are valid and enforceable; (2) that E-Z Load's accused devices infringe these patents; (3) that E-Z Load is permanently enjoined from making, using, selling, offering for sale, or importing the accused devices; and (4) that E-Z Load will be permitted to sell its remaining inventory of accused devices. (Doc. No. 42.) The Consent Judgment states further that "[t]he Court retains jurisdiction over the Final Consent Judgment and Permanent Injunction for the purpose of ensuring compliance with the terms thereof." (*Id.*) At the Defendant's request, the Final Consent Judgment and Permanent Injunction was amended to incorporate "Exhibit A," an exhibit referenced in the original Consent Judgment but not attached thereto. (Doc. No. 44, filed Sept. 23, 2008.) The Motion to Amend the Final Consent Judgment references a settlement agreement, describing it as the source of "Exhibit A." (Doc. No. 43, filed Sept. 22, 2008.) However, neither the original nor the Amended Consent Judgment reference a settlement agreement. (Doc. Nos. 42, 44.)

On August 8, 2009, Plaintiff filed an Amended Motion to Enforce Judgment seeking to compel Defendant to comply with the terms of the settlement agreement. (Doc. No. 46.) The United States

Magistrate Judge issued a Report and Recommendation stating that the Court lacks jurisdiction to enforce the settlement agreement because the Amended Final Consent Judgment does not incorporate the terms of the settlement agreement by reference, attachment, or otherwise. (Doc. No. 47.) Plaintiff subsequently filed a Motion for Relief from Judgment under Rule 60(b), requesting that the Court enter a Second Amended Final Consent Judgment incorporating the settlement agreement by reference. (Doc. No. 48.) In response, Defendant filed an Opposition to Plaintiff's Motion for Relief from Judgment, arguing that relief under Rule 60(b)(1) is improper because the purpose of the Defendant's request for amendment is to later petition the Court to intervene in a litigation between the parties in the District of Nevada. (Doc. No. 49.) Plaintiff timely filed an Objection to the Report and Recommendation from the Magistrate Judge seeking to postpone action on the Motion to Enforce Judgment pending resolution of the Motion for Relief from Judgment. (Doc. No. 50.)

**Standard of Review**

**I. Rule (60)(b)(1) Motion for Relief From Judgment**

Federal Rule of Civil Procedure 60(b)(1) allows a court to correct a final judgment for "mistake, inadvertence, surprise, or excusable neglect." The decision to grant a Rule 60(b)(1) motion "is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). The "excusable neglect" provision of Rule 60(b)(1) applies when a party asks the Court to reconsider a final judgment based on the moving party's mistake. *Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 394 (1993). The determination of what constitutes excusable neglect "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395.

**II. Objection to a Report and Recommendation of a United States Magistrate Judge**

A party seeking to challenge the findings in a Report and Recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1) (2009). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

**Analysis**

**I. Motion for Relief from Judgment under Rule 60(b)(1)**

Rule 60(b)(1) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences by Rule 60(b)(1) when it subsequently develops that the choice was unfortunate." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). Plaintiff moves for relief from the Amended Final Consent Judgment and Permanent Injunction under Rule 60(b)(1), arguing that the settlement agreement demonstrates the parties originally intended for the Court to retain jurisdiction to enforce

the settlement agreement and that the omission of a provision incorporating the settlement agreement by reference was a mistake, inadvertence, surprise, or excusable neglect.  Plaintiff further claims to have been under the impression, at the time the Consent Judgment was entered, that the terms of the settlement agreement could be enforced by the Court.

The record in this case does not support a finding that the parties intended to incorporate the settlement agreement into the Consent Judgment or that the omission of such a provision was the result of a mistake, inadvertence, surprise or excusable neglect.  Instead, the record suggest that the omission was intentional.  In the Motion for Relief from Judgment, Plaintiff cites Paragraph 2 of the settlement agreement stating, "this settlement agreement is itself binding and enforceable and [] either party may enforce the settlement set forth herein by motion to the Court."  However, Plaintiff does not discuss the following sentence of Paragraph 2 which states, "[t]he Consent Judgment will contain the following terms," which are set forth in subparagraphs (a), (b) and (c) of Paragraph 2 of the settlement agreement.  The terms outlined in subparagraphs (a), (b), and (c) are in fact expressly incorporated into the Consent Judgment. Paragraph 3 and 4, however, do not contain similar language regarding incorporation into the Consent Judgment and are not similarly incorporated.[1]

---

[1] Paragraph 5 of the settlement agreement does not contain language regarding incorporation into the Consent Judgment.  Nonetheless, the terms of Paragraph 5 are incorporated to permit E-Z Load to sell its remaining inventory of accused devices.  Taking into consideration the fact that the Consent Judgment permanently enjoins E-Z Load from making, using, selling, offering for sale or importing the accused devices, a provision in the Consent Judgment permitting E-Z Load to sell the remaining inventory of accused devices is necessary to effectuate the terms of the settlement agreement and avoid creating an immediate dispute over the sale of these devices.  On the other hand, the incorporation of Paragraphs 3 and 4 is not necessary to effectuate the terms of the settlement agreement, as these paragraphs address issues distinct from those addressed in the Consent Judgment and do not expressly conflict with the terms of the Consent Judgment.  Therefore, the incorporation of Paragraph 5 into the Consent Judgment does not suggest that the parties similarly intended to incorporate Paragraphs 3 and 4.

Furthermore, the Consent Judgement was amended to include Exhibit A. The Motion to Amend stated that Exhibit A, derived from the settlement agreement, had been mistakenly excluded from the original Consent Judgment and requested that the Consent Judgment be amended to incorporate Exhibit A. The Motion to Amend did not request a similar course of action with respect to the terms of the settlement agreement itself.[2] Finally, the Plaintiff filed the Motion for Relief from Judgment only after a second suit was initiated between the parties which provides the Plaintiff with an incentive to incorporate the settlement agreement into the Consent Judgment.

Plaintiff has failed to provide sufficient evidence to support a finding of mistake, inadvertence, surprise or excusable neglect. In fact, Plaintiff fails to specify which Rule 60(b)(1) factor is applicable and does not apply Rule 60(b)(1) to the facts of this case. While the Motion for Relief from Judgment suggests an argument under a theory of excusable neglect, wherein the Plaintiff's attorney erroneously failed to effectuate the Plaintiff's intent regarding the Court's jurisdiction over the settlement agreement, the Supreme Court has made clear that clients are to be held accountable for the mistakes of their attorneys. *Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394-95 (1993). Motions for relief due to excusable neglect therefore focus on whether the attorney's mistake was excusable as if the party had made the error, not whether the attorney acted against the wishes of the client. *Id.* In the alternative, the Plaintiff may contend that in drafting the settlement agreement, the Plaintiff's attorney misunderstood the law. Yet, "inadvertence, ignorance

---

[2] The Court recognizes that Plaintiff did not file this Motion to Amend; however, Plaintiff was consulted pursuant to Middle District of Florida Local Rule 3.01(g).

-6-

of the [law], or mistakes construing the [law] do not usually constitute excusable neglect."[3] *Id.* at 391. Accordingly, an argument that Plaintiff's attorney misunderstood the law must fail. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (holding that error based on a misunderstanding of the law is an insufficient basis for establishing excusable neglect). An argument that the failure to reference the settlement agreement was merely an "oversight" will similarly fail. *See Solaroll Shade and Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (rejecting the appellant's argument that the oversight of its counsel in failing to respond to a motion was excusable neglect, even though the result "appeared to penalize innocent clients for the forgetfulness of their attorneys.").

The Eleventh Circuit has held that "[i]n order to obtain relief under Rule 60(b), a party must prove some justification for relief." *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572 (10th Cir. 1996). "[A]lthough permissible grounds for amendment are broadly stated in Rule 60(b), they have been construed somewhat stringently because they compromise the finality of judgments." *F.A.C. Inc. v. COSVI*, 449 F.3d 185, 191 (1st Cir. 2006). Plaintiff's speculative argument regarding the original intent of the parties to retain the jurisdiction of the Court, standing alone, is insufficient to warrant such a compromise of finality. Accordingly, Plaintiff's Motion for Relief from Judgment must be denied.

**II. Objection to Report and Recommendation of the United States Magistrate Judge**

---

[3] The *Pioneer* court recognized that mistakes in areas of law involving "dramatic ambiguity" may amount to excusable neglect under Rule 60(b)(1). Supreme Court precedent clearly defines the jurisdictional question at issue in this case, foreclosing any argument that this is an area of the law subject to dramatic ambiguity for the purposes of excusable neglect under Rule 60(b)(1). *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994)

The Plaintiff's Objection to the Report and Recommendation of the United States Magistrate Judge (Doc. No. 51) requests that action on the Motion to Enforce Judgment (Doc. No. 46) be postponed pending resolution of the Motion for Relief from Judgment (Doc. No. 48), or else denied without prejudice to refile should the Motion for Relief from Judgment be granted. Having denied the Plaintiff's Motion for Relief from Judgment (Doc. No. 48), the Court now reaches the Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge.

Plaintiff objects to the recommendation that the Amended Motion to Enforce Judgment be denied for lack of jurisdiction. (Doc. No. 47.) Plaintiff argues that the language of the settlement agreement demonstrates that the parties originally intended for this Court to retain jurisdiction to enforce the settlement terms, and therefore the Amended Consent Judgment should be amended to incorporate the settlement agreement by reference.

Federal Rule of Civil Procedure 12(h)(3) directs the Court to dismiss an action at any time when the Court lacks subject matter jurisdiction, whether it is the parties or the Court who recognizes the lack of jurisdiction. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 500 (2006). The fact that the Court had jurisdiction over a underlying suit does not itself support ancillary jurisdiction over the enforcement of a settlement agreement. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994). The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and therefore "requires its own basis for jurisdiction." *Id.*

In *Kokkonen*, prior to the close of trial, the parties agreed to a settlement and voluntary dismissal with prejudice. *Id.* at 376. The district court signed the dismissal but did not retain jurisdiction to enforce the terms of the settlement agreement or "so much as refer to the settlement agreement" in its order. *Id.* at 377. Following a disagreement among the parties concerning their

respective obligations under the agreement, the district court entered an enforcement order on the basis of its "inherent power." *Id.* In reversing the order, the Supreme Court held that there was no basis for a federal district court to assert jurisdiction over an alleged "breach of an agreement that produced the dismissal of an earlier federal suit." *Id.* at 379. The Court further observed that:

> [t]he situation would be quite different if the parties' obligations to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporation of the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

*Id.* at 381. Accordingly, if in its final order a district court either incorporates the terms of the settlement agreement or expressly retains jurisdiction over the settlement agreement, it may thereafter enforce the terms of the settlement agreement.

In this case, the Amended Consent Judgment expressly incorporates some of the terms of the settlement agreement, effectively retaining the Court's jurisdiction to enforce those terms. The Amended Consent Judgment does not, however, expressly incorporate all of the terms of the settlement agreement, nor does it contain a provision retaining jurisdiction to enforce the agreement by reference. Accordingly, the Court does not have jurisdiction to enforce those terms of the settlement agreement that were not expressly incorporated into the Consent Judgment. This remains true even if the parties in fact intended for the Court to retain jurisdiction.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 18 (1951). "It needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the

United States the jurisdiction to hear and decide a case." *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 383 (1884). As such, the Court lacks jurisdiction to enforce the terms of the settlement agreement, and the Plaintiff's Motion to Enforce Judgment will be denied.

## Conclusion

The Motion for Relief from Judgment by E-Z Load Gate, Inc. (Doc. No. 48, filed Sept. 1, 2009) is **DENIED.** The Objection to the Report and Recommendation of the Magistrate Judge by E-Z Load Gate, Inc. (Doc. No. 47, filed Sept. 16, 2009) is **OVERRULED.** The Amended Motion to Enforce Judgment by E-Z Load Gate, Inc. (Doc. No. 47, filed Aug. 20, 2009) is **DENIED.**

**DONE and ORDERED in Orlando, Florida on October 5, 2009.**

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Parties